Case number 11-3074, United States of America v. Melvin Taplet, Jr., also known as Tap Appellant. Mr. Orenberg for the appellant, Mr. Cummings for the appellee. Good morning, Your Honors. May it please the Court, my name is Alan Orenberg. I represent the appellant in this case, Melvin Taplet, Jr. Unless the Court would like me to do otherwise, I'm going to begin by discussing the Speedy Trial Act issue in this case. I don't hear any objections, so I will launch right into my argument concerning the Speedy Trial Act issue. Obviously, from the pleadings in the case, I suggest I argue to the Court that there were over 200 days of non-excludable time under the Speedy Trial Act in this case concerning Melvin Taplet. The government has a much different view. They believe that there was less than 70 days, perhaps as little as 63 days, that they concede were excludable under the STA. Your Honors, I recognize and I acknowledge that since I filed my brief in this case back on March 12th of this year, this Court issued its opinion in the Rice case, which discussed the Speedy Trial Act in this jurisdiction. I would say to the Court that at the time that I filed my brief, and today, I still believe that there was an egregious violation of the Speedy Trial Act as to Melvin Taplet. The government has conceded – there's five periods of time that I argue are excludable under the Speedy Trial Act, and the government has conceded the first two periods of time. The first period of time is 50 days. The second period of time is 14 days or so, so we're up to 63, 64 days. There was a little discrepancy in the record as to whether it should be a day or two here or there. But then we get to perhaps the most lengthy period of time that I argue, which is October 26, 2009 to January 27, 2010, some 93 days. And this is while there were non-evidentiary motions pending before the District Court. I suggest to the Court that once the District Court, on or about September 25, 2009, had all the papers necessary to resolve the motion, then the Court should have resolved the motion within a reasonable period of time, albeit 30 days or so. It was not until close to the end of January that the Court resolved that motion. Nevertheless, I argue that there was an additional 93 days. In addition, when you add it to the initial 63, 64 days, we're well over the 70-day requirement of the Speedy Trial Act. There were some additional periods of time. You're not contesting that if Rice is correct or, really, more important, binding on us, you don't have an argument? Well, it puts me in a difficult spot, puts myself in a difficult spot, Your Honor. I recognize what this Court has said in Rice. I would say that I filed my brief prior to... No, no, I don't know what's criticizing you. I clearly understand what the Court has said in Rice in this case, but I still feel that it was too much time elapsed between the end of September and the end of January of that time period where the District Court sat on the motion. Your Honor, there's another period of time, nine days between May 14th and May 25th, 2010. Again, we argue that that period of time should be excluded, and then we get to perhaps the most, I guess, line drawn in the sand argument that I at least recognize in this case is whether or not my client, as the government alleges, had waived his right to seek dismissal under the STA for any delays occurring after January 18th, 2011, a date on which new trial counsel was put in place for Mr. Tapp, but I was not trial counsel in this case. There had been repeated, I would say to the Court, there had been repeated requests and a written motion for dismissal for Speedy Trial Act violations prior to that time. I argue that the period of time between January 18th and February 14th, 2011, some 20-something days, should be excluded and considered a violation of the Speedy Trial Act. If you take that one alone and don't take the prior 93-day period, that puts the timetable well over 70 days. Are you arguing that even though there was not actually a motion for citing that specific violation, that that should be considered a violation nonetheless? It should be considered by this Court? I don't think I can argue that squarely, as you put it, Your Honor, but here's what I would say to the Court. It was over two years before my client eventually got to trial in this case. Sure, some of the delays were on his shoulders. He asked for new trial counsel on a couple of different occasions. There was a request by one of his trial counsel to have him forensically evaluated, and that carved out a significant period of time. But nevertheless, it was over two years, and as the Court is well aware in the Barker case, Barker v. Wingo and its progeny, that once a year or more has passed, there's a presumption that there's some prejudice to my client with respect to delay in trial. I'm asking the Court to find that there's a combination of that presumption, the presumption of the delay, the presumption of the prejudice because of the delay in trial, and the fact that, at least in our view, and I still stand by my view that perhaps 200-plus days were not properly excludable under the Speedy Trial Act, that there is a clear violation of the Speedy Trial Act in this case. Zelnick seemed to reason that the requirement of a motion under the Speedy Trial Act was in order to make sure that the Court didn't go ahead with a wasteful trial if the time had run. And why doesn't that apply to the need for a second motion? Well, Your Honor, it may well apply. I don't disagree with you, Judge Williams. And perhaps later on down the road and in a different proceeding, the actions or the inactions of trial counsel at that point in time may have to be evaluated and reviewed by a court. I'm not sure at this point in time. But nevertheless, I would say that, again, I'm arguing to the Court, and I know it's unusual and it's not the law in this jurisdiction, but there's a combination of factors that came together here. The delay and the prejudice to my client caused by the delay in the proceedings, not the portions of the delay that were attributable to him, but the portions of the delay that were attributable to either the Court or the pending motions, coupled with the fact that he did file, he earlier filed a written Speedy Trial Act motion. It was not renewed. I will concede that back on January 18, 2011, which flies in the face of the case that you just cited, Judge Williams. But we have almost a perfect storm of events coming together here, which I submit to the Court shows that there's a violation of the Speedy Trial Act. I see my time is running down very quickly in this case. I did reserve some time for rebuttal. Would the Court like to hear as to some of the other issues in the case? Well, I would just say very briefly, with respect to the interstate commerce element was not proven under 18 U.S. Code 1958A, when you take a look at the facts of the transcript in this case, it was the undercover agent or the confidential informant who, let me back up, he initially met with my client in Maryland. But then, as I read the testimony in this case, the confidential informant himself initiated the telephone calls from another jurisdiction. And then, of course, we have the luring, as I call it, the baiting by that confidential informant to lure my client to come down to the District of Columbia. I am well aware that the law is that telephone, the use of a communication facility or a telephone, can form the basis for interstate commerce nexus. But what I'm arguing here in this case is that the confidential informant at the directions of the agents purposefully went to another jurisdiction and called my client. And my time is running out, but quickly, a lot of the conversations were inconsequential to the actual part of this case or the allegations and the subsequent conviction in this case. My time is running out. Thank you. Okay. Thank you, Mr. Orenberg. Good morning. I please the Court. My name is John Cummings on behalf of the United States. Following counsel's lead, I'm happy to respond to any questions the Court may have regarding either the issues surrounding sentencing or the interstate commerce nexus. If there are no questions, I would like to focus on the Speedy Trial Act and the Sixth Amendment. The issue before this Court is a narrow one, and that is whether or not the appellant has identified more than 70 days of non-excluded time under the Speedy Trial Act. As the government sets forth in its brief, it has failed to do so. There are five periods of time identified by the appellant in his brief. The first two are uncontested. They are the periods from February 3, 2009 until March 25, 2009, which accounts for 50 days. I think as the government points out in the footnote, it could have been as low as 48. But we argued we took the position below that 50 days expired. And then the period from September 11, 2009 until September 25, 2009, the government also concedes we're not excluded under the Speedy Trial Act. That period of time was a passage of time between the filing of the government's notice pleading regarding 404B evidence on September 11, 2009, and the appellant filing his opposition to that motion on September 25, 2009. So the government doesn't concede that those periods of time are non-excluded. We then turn to the third period of time identified by appellant, which is the period from October 26, 2009, continuing through January 27, 2010. And as the government argued, this is a period of time, the entirety of this period of time, occurs when there is a pending motion, and that is the opposed 404B motion that stretches from September 25, 2009, until it's ultimately resolved at a hearing held by Judge Leon that occurred on May 18 of 2010. And counsel points to, again, I think under Rice, under Henderson, this Court's opinion in Harris, it's clear that that period of time is now covered. A hearing was held, it was a pretrial motion, and that that period of time is automatically excluded under the Act. So in terms of just focusing on the Act, that covers that period of time. We then have the third period of time appellant cites, which is the period from May 14 through May 25, 2010. Again, the first four days of that, from May 14 to May 18, 2010, are taken out by dependency of the 404B motion. The judge denies the government's 404B motion, or should I say grants appellant's motion to exclude the 404B evidence on May 18. That same day, the appellant files a motion to reconsider, a pro se motion, to reconsider the denial of the Speedy Trial Act, a motion to dismiss. The government files an opposition to that on May 20, and the trial court denies that on May 24. So that period of time, running from May 18 to May 24, is excluded by dependency of appellant's pro se motion to reconsider the Speedy Trial Act. And of course, on the 24th, we have a series of things happen. Most notably, is that the appellant files a motion to continue his trial while he gets a mental health evaluation. So those motions take up that entire period of time from May 14 to May 25, 2010. Now, with respect to those four periods of time, those were all preserved below. And this court then reviews that pro se. As the government points out in this brief, the fifth and final period of time pointed to by appellant is a period of time from January 18 through February 14, 2011. And this is the passage of time from the pretrial conference. The party is coming together on January 18, 2011. Mr. Zucker is still representing the appellant at that point. At his client's request, he makes an oral motion. It's very brief. He just says, words to the effect of, my client has asked that I renew his motion on the Speedy Trial Act. There's no argument held on it. And Judge Leon doesn't make an express ruling on it. But as the government argues in its brief, he's very clear that he's denying the motion because he tells Mr. Zucker, tells appellant, we are going forward to trial on the 24th, which was at that point the trial date. And if the court will recall, on January 18, Mr. Zucker had said that his client had informed him that he had retained Mr. Rudisill to represent him at this point. And Judge Leon was adamant that whoever shows up here on Monday better be ready for trial. We are going to trial. And so while that motion is not expressly denied on the record by Judge Leon, I think it's clear implicitly that he denied that final renewed motion. And that, the government, our position is, that final oral motion to renew a motion dismissed on the Speedy Trial Act ends the appellant's right to seek review of a violation of the Speedy Trial Act. Had he wished to renew a motion on the Speedy Trial Act, he could have done so any time before trial commenced on February 14th of 2011. And he failed to do so. This is the first time I've encountered this issue, and I was sort of surprised that such weight was given to the need for a motion at a point where the court doesn't have an ability to correct the error, except by aborting the trial, which it seems from Zelnick to be the only function preserved. Actually, I think in Zedner, the Supreme Court's opinion in Zedner, they dealt with that precise issue. And they said in Zedner, although they couldn't send it back to remand for the court to proactively explain what its position was, the Supreme Court in Zedner said that a court could certainly explain its reasons for granting an interest of justice continuance at any time, up until it ruled on a motion to dismiss pursuant to the Speedy Trial Act. So I think, again, under Zedner— So it is, in part, remediable at that point, apart from the option of aborting the trial. Correct. It is, under Zedner. And that has purpose. I think the court can see the purpose of that requirement here. Had appellant renewed his motion on February 14, 2011, there were clear interest of justice reasons that one can apply from the record that Judge Leon didn't expressly find on the record. And that was namely to allow the new defense attorney time to get ready for trial during that 30-day or so window. So I think the purpose of Zedner in allowing a judge to make his record of what was in his mind, I think is the language that he used, in his mind at the time he granted an interest of justice continuance, really applies in this case and shows why dismissal is warranted in this case. Pardon me, that waiver of forfeiture, depending on how you want to define it, is required in this case. That was my question. Why should it be a waiver rather than a forfeiture? I mean, we look at many other mistakes when they haven't been raised below. I think part of that, again, the government cited a long series of cases that deal with this issue. It's the way the Speedy Trial Act is written, that the Speedy Trial Act basically requires a defendant to make a motion in the Speedy Trial Act to preserve his right. And if he fails to do so, that motion shall be denied. Can you tell me, are you looking at the same language that everybody else seems to be looking at that last sentence? The last sentence of? Because it says that it should be, that the failure to do it, right? Correct. Would result in dismissal. Is 3162A2? Correct, yes. Right, okay. And I agree with you that all the cases that I've seen, they read that to say then if you don't make a new, you know, renew your motion, then that violation isn't covered. But the language just says what you're forfeiting there is actually, well, excuse me, what happens there is that if you have made no motion at all, then you can't argue a violation of the Speedy Trial Act, right? But I think the same, again, when you look at the language of 3162, the failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or noble contender  Well, what I'm asking is once you've had the motion, you don't really have a failure to move for dismissal. You're actually carving out these segments of time, right? And so the way courts have read it, and you're right about that, is they have said, well, failure of the defendant to move for, you know, to cover this new violation means that's waived. But it seems to me you can read that language differently. I think I just follow the reasoning of the opinions. I see my time is up, so I'll just answer the court's question briefly. Is, again, the purpose of the Speedy Trial Act and that requirement is to set puts a burden on the appellant to be diligent about maintaining when he believes his Speedy Trial Act rights have been violated. And I think whether or not he's made a motion and failed to renew it or failed to make a motion altogether is of no consequence, because they have the same impact, which is you don't have the trial court being given the opportunity to make the necessary findings in that case. And so I think the court should read it that way, and indeed as this court suggested in the Hines case. And this court has suggested in multiple opinions cited by the government that outright waiver or forfeiture is the appropriate remedy in this circumstance. And I think it is, because, again, if you look at this particular case, there were findings to be made here had the defendant been diligent in raising his Speedy Trial Act claim before trial after the 18th. They were not here and they are not before the court for that reason. So I think it is an important requirement that this court should adopt as other circuits have. Are there any other questions for me? Let's be asked that the court affirm the judgment of the district court. Thank you. Thank you, Mr. Cummings. Mr. Orenburg, you had no time left, but the court will give you two minutes for rebuttal. Thank you, Honor. I think the crux of the matter is, and Mr. Cummings alluded to, is that Judge Leon did not make a clear on-the-record findings of fact or decision on January 18, 2011, when trial counsel, Mr. Zucker, renewed orally the motion to dismiss for Speedy Trial Act violations. Yes, he said, we're going to trial on such and such a date. I don't care what lawyer shows up, but we're going to go to trial on that date. And trial did begin at that time. I don't think, and I would submit to the court that that constitutes a waiver by my client when trial eventually started because Judge Leon never affirmatively or on-the-record decided the motion. The trial did go forward, obviously, but the motion was not decided. Maybe one course of action this court may take is to remand if it can at this time. But in terms of two purposes for the requirement of a motion at all, they seem to survive right up to the moment of trial. I agree. You're saying that they would survive, the oral and the written motion. No, no, not the motions. The reason for requiring a renewed motion or a motion in the first instance or a renewed motion where one has already been made. Even if those 26 days are not excludable under the STA, I have argued, I have submitted to the court there were numerous other Speedy Trial Act violations in this case. And I know Judge Leon said on January 18th, 2011, we're going to trial. He didn't explicitly rule on the motion, but he most likely was encouraged that we're going forward to trial. If for us it comes down to those last days, then we have to resolve the meeting of 3162A2. I totally agree with you. And that's where we are today, Your Honor. I see my time is up. I would ask the court to reverse and remand if necessary. Thank you very much. Mr. Orenburg, thank you. We know you were appointed, and the court appreciates your assistance. Thank you, Judge Brown. Thank you, Judge Ginsburg and Judge Williams.
judges: Brown, Williams, Ginsburg